FILED

2007 JUN 27 AM 9: 56

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____𝑑𝑙_____DEPUTY

1 Linda M. Lawson (Bar No. 77130)
  LLawson@mmhllp.com
2 Brian K. Mazen (Bar No. 130777)
  BMazen@mmhllp.com
3 Frederic Esrailian (Bar No. 232799)
  FEsrailian@mmhllp.com
4 MESERVE, MUMPER & HUGHES LLP
  300 South Grand Avenue, 24th Floor
5 Los Angeles, California 90071-3185
  Telephone: (213) 620-0300
6 Facsimile: (213) 625-1930

7 Attorneys for Plaintiff
  MASSACHUSETTS MUTUAL LIFE
8 INSURANCE COMPANY

9            UNITED STATES DISTRICT COURT

10          SOUTHERN DISTRICT OF CALIFORNIA

11

12 MASSACHUSETTS MUTUAL LIFE       )   Case No. 07 CV 844 JM (BLM)
   INSURANCE COMPANY,             )
13                                )   JOINT MOTION FOR PROTECTIVE
                Plaintiff,        )   ORDER RE CONFIDENTIAL
14                                )   INFORMATION AND RELATED
        v.                        )   MATTERS; AND [PROPOSED]
15                                )   PROTECTIVE ORDER
   WEALTH TRANSFER PLANNING,      )
16 INC., a California Corporation, )
                                  )
17            Defendant.          )
                                  )

18

19

20                    **PROTECTIVE ORDER**

21      In connection with the production of confidential information, testimony, and

22 documents in this action, Plaintiff MASSACHUSETTS MUTUAL LIFE

23 INSURANCE COMPANY ("MassMutual") and Defendant WEALTH TRANSFER

24 PLANNING, INC. ("Wealth Transfer") (collectively the "Parties"), through their

25 respective counsel, hereby enter into this Joint Motion for Protective Order Re

26 Confidential Information and Related Matters (the "Protective Order").

27

28

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP
85664.1

1.

JOINT MOTION FOR PROTECTIVE
ORDER RE CONFIDENTIAL
INFORMATION; AND RELATED
MATTERS; AND [PROPOSED]

I.      **PURPOSE OF THE PROTECTIVE ORDER.**

The purpose of this Protective Order is to prevent the public disclosure of information that is claimed by any of the Parties to be confidential, including, but not limited to, information which is subject to Patient Privacy Rules and regulations; individually identifiable patient and medical information protected from disclosure by the Health Insurance Portability and Accountability Act of 1996 and federal regulations regarding standards for privacy of individually identifiable health and medical information adopted pursuant to said Act (collectively "HIPAA"); information protected by California's Confidentiality of Medical Information Act, employee confidentiality rules and regulations; and other information that may be regarded as confidential under generally recognized principles relating to the confidentiality in the litigation context.   Any unauthorized disclosure of Confidential Information as defined herein in violation of the Order shall be subject to discipline by the contempt power of this Court.

II.     **DEFINITION OF "CONFIDENTIAL INFORMATION."**

The term "Confidential Information" shall include all information, documents, and other materials revealed or disclosed during this lawsuit (the "Litigation") that are designated as "Confidential Information" in the manner set forth in Section III of this Order.  Such designation shall, without more, subject the designated material to the provisions of this Protective Order, and all such provisions of this Order.  The Parties and their counsel shall make designation in good faith.

Except as specifically authorized by this Court, Confidential Information shall not be disclosed or revealed to anyone not authorized by this Protective Order to receive such material and shall be used only for the purpose of preparing for or conducting the Litigation.  All persons to whom such material is disclosed (as permitted by the Protective Order), with the exception of court personnel and court

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

85654.1

2.

JOINT MOTION FOR PROTECTIVE
ORDER RE CONFIDENTIAL
INFORMATION; AND RELATED
MATTERS; AND [PROPOSED]

1  reporters, shall be informed of and shown a copy of this Protective Order and be

2  bound by it.

3

4  III.   **DESIGNATION OF CONFIDENTIAL MATERIAL.**

5       Any party or non-party who produces documents or information, provides

6  written discovery responses, or testifies in this action may designate such

7  documents, responses, testimony or information as "Confidential" in accordance

8  with the provisions of this section.

9       A.   **Criteria for Classification.**

10       1.   Confidential Information includes but is not limited to: (a)

11  patient and/or insured information and records, including but not limited to

12  individually indentifiable information regarding a patient and/or insured; (b)

13  proprietary business and financial information; (c) trade secrets; (d) employee

14  information and records; (c) any other information the disclosure of which may

15  cause harm to the business, competitive or personal position of the person,

16  partnership, corporation or other organization firm which the information is

17  obtained, or to the patient to whom the information pertains; and (f) materials which

18  have been produced or created in other litigation to which the Parties and their

19  respective affiliated companies are or have been parties.

20       B.   **Time of Designation.**

21       Unless otherwise agreed between counsel for the Parties, the designation of

22  Confidential Information shall be made at the following times:

23       1.   For documents or things, at the time of the production of

24  documents or things;

25       2.   For declaration, written discovery responses, and pleadings, at

26  the time of the service or filing, whichever occurs first;

27       3.   For testimony, at the time that such testimony is given by a

28  statement designating the testimony as "Confidential" made on the record or in the

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP
85664.1

3.

JOINT MOTION FOR PROTECTIVE
ORDER RE CONFIDENTIAL
INFORMATION; AND RELATED
MATTERS; AND [PROPOSED]

1  case of deposition testimony, within the time the witness has to review the

2  transcript.

3        4.      For documents or information already provided, within thirty

4  (30) days of the date of this Protective Order;

5        5.      Notwithstanding the provisions of paragraphs II(B)(1), a party is

6  not required to designate a document or things as containing Confidential

7  Information prior to producing the document or thing to the receiving party for

8  inspection, but may so mark or designate the document or thing subsequent to the

9  inspection, and prior to providing the receiving party with a copy of any requested

10  document or thing.  Documents and things produced for inspection and containing

11  Confidential Information shall be inspected only by persons entitled to receive

12  Confidential Information pursuant to paragraph IV(A) hereof.  Between the time of

13  inspection and the time of receipt of a copy of any requested document or thing

14  containing Confidential Information, such information contained therein shall not be

15  disclosed or used, except in accordance with the provisions of this Protective Order.

16        To the extent one of the Parties or non-party does not timely designate

17  documents, testimony or information as Confidential Information, such Party or

18  non-party may so designate documents testimony or information as provided under

19  paragraph (C) below.

20  **C.      Manner of Designation.**

21        The designation of Confidential Information shall be made in the following

22  manner:

23        1.      For documents, by placing the notation "Confidential" on each

24  page of such documents;

25        2.      For tangible items, by placing the notation "Confidential" on the

26  object or container thereof or if impracticable, as otherwise agreed by the Parties;

27

28

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

85064.1

4.

JOINT MOTION FOR PROTECTIVE
ORDER RE CONFIDENTIAL
INFORMATION; AND RELATED
MATTERS; AND [PROPOSED]

1            3.     For declarations, written discovery responses, court filings or

2    pleadings, by placing the notation "Confidential" both on the face of such document

3    and on any particular designated pages of such document; and

4            4.     For testimony, by orally designating such testimony as being

5    "Confidential" at the time the testimony is given.  Thereafter, the original and all

6    copies of the "Confidential" portions of the transcript of any such testimony shall be

7    separately bound and marked by the court reporter with the legend

8    "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER."

9    Such transcript and testimony shall be disclosed and used only in accordance with

10   the provisions of this Protective Order.  At the request of Counsel for the

11   designating party supplying the Confidential Information, only persons entitled

12   under paragraph IV(A) as to Confidential Information shall be permitted to attend

13   that portion of a deposition or hearing wherever or whenever any such Confidential

14   Information of such designating party is used or elicited from the deponent or

15   witness.

16       **D.    Subsequent Designation.**

17          Good faith failure to designate and/or mark any document, testimony or

18   information as "Confidential" shall not preclude the designating party from

19   thereafter making such a designation and requesting the receiving party to so mark

20   and treat such documents, testimony, or information so designated.  Such

21   designation or withdrawal, and accompanying request, shall be made in writing.

22   After designating documents, testimony or information that were not previously

23   designated as "Confidential," such documents, testimony, or information shall be

24   fully subject to this Protective Order.  The receiving party and its counsel, however,

25   shall incur no liability for disclosures made prior to receipt of notice of such

26   designations.

27          The inadvertent disclosure of any document which is subject to a legitimate

28   claim that the document should have been withheld from disclosure as a privileged

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

85664.1

5.

JOINT MOTION FOR PROTECTIVE
ORDER RE CONFIDENTIAL
INFORMATION; AND RELATED
MATTERS; AND [PROPOSED]

1  attorney-client communication, or attorney work product, or by reason of some

2  other discovery limitation authorized or permitted by California law, shall not

3  waiver the privilege for that document if the producing party requests its return and

4  took reasonable precautions to avoid such inadvertent disclosure.   Any such

5  privileged or work product document inadvertently disclosed shall be returned to the

6  producing party upon written request, together with all copies of any such

7  documents.

8

9  **IV.    USE OF CONFIDENTIAL INFORMATION.**

10        Except upon the prior written consent of the producing party, or upon further

11  Order of this Court, the receiving party shall treat Confidential Information strictly

12  in accordance with the provisions of this Protective Order and may use or disclose

13  such materials only as specified in this Protective Order.

14        **A.    Disclosure of Information Designated as "Confidential."**

15        Access to Confidential Information shall be limited to:

16              (a)    Counsel for the party, secretarial and other litigation support

17                    personnel reporting directly to them.

18              (b)    Outside experts and consultants (and their employees or clerical

19                    assistants) who are employed, retained or otherwise consulted by

20                    the party to assist in any way in the preparation and trial of the

21                    Litigation.

22              (c)    Court personnel in the conduct of their official duties, after a

23                    Court Order.

24              (d)    Qualified persons taking testimony involving Confidential

25                    Information and necessary stenographic and clerical personnel

26                    thereof.

27              (e)    Duplicating services, and auxiliary services of a like nature,

28                    routinely engaged by counsel.

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

85664.1

6.

JOINT MOTION FOR PROTECTIVE
ORDER RE CONFIDENTIAL
INFORMATION; AND RELATED
MATTERS; AND [PROPOSED]

1    Nothing in this Joint Motion and Order shall preclude a party from disclosing
2    its own Confidential Information to the extent it deems appropriate.

3    **B.    Declassification of Confidential Information.**

4    If any of the Parties, at the time, wishes to have the "Confidential
5    Information" designation of any documents, testimony, or information removed, that
6    party shall first request such declassification in writing to all parties, including a
7    statement of the reasons for the request. If there is any dispute over whether any
8    document, testimony or information should be so declassified, the Parties shall
9    attempt to resolve the dispute in good faith. If the Parties are unable to agree upon a
10   designation, the party seeking declassification may move the Court by noticed
11   motion or *ex parte* application for an order removing or changing the designation;
12   provided, however, that the party seeking declassification of the Confidential
13   Information must provide advance notice to all parties of at least twenty-one (21)
14   days regarding its intent to file the motion. In addition, the party seeking
15   declassification of any documents, testimony, or information shall have the burden
16   of proving that said documents, testimony, or information was improperly
17   designated as Confidential Information. If such motion is made, the Parties shall
18   treat the documents, testimony, or information as originally designated until the
19   motion is decided by the Court.

20   **C.    Disclosure to the Court and Filing Under Seal.**

21   The use or submission of Confidential Information to the Court shall be in
22   accordance with Local Rule 79.2. Unless authorized by statute or federal rule,
23   Confidential Information may be used or submitted to the Court under seal only
24   after prior approval by the Court. Where such Court approval is required, a written
25   application and proposed order shall be submitted to the Court along with the
26   document submitted for filing under seal. Any document that contains Confidential
27   Information must be submitted in a sealed envelope with a copy of the title page
28   attached to the front of each envelope and in accordance with Local Rule 79.2.

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

85664.1

7.

JOINT MOTION FOR PROTECTIVE
ORDER RE CONFIDENTIAL
INFORMATION; AND RELATED
MATTERS; AND [PROPOSED]

1    Confidential Information submitted under seal in accordance with Local Rule
2    79.2 may be used in such manner as permitted by the Court, subject to any
3    restrictions imposed by the Court to reasonably protect such confidentiality.

4    **D.   Duplicates of Confidential Information.**

5    Copies, duplicates, extracts, summaries, and descriptions of Confidential
6    Information shall be treated with the same degree of confidentiality as the original
7    material and shall be subject to the terms and conditions of this Order.

8    **E.   Exclusions From Confidential Information.**

9    Nothing in this Protective Order shall be construed as finding that any
10   material designated as Confidential Information actually constitutes or contains
11   proprietary or confidential information or trade secrets. For purposes of this Order,
12   proprietary or confidential information or trade secrets shall not include information
13   or material that: (a) was, is or becomes public knowledge in a manner other than by
14   violation of this Order; (b) is acquired from a third party having the right to disclose
15   such information or material; or (c) was lawfully possessed by the receiving party
16   prior to the receipt from the supplying party.

17

18   **V.   RETURN OF CONFIDENTIAL INFORMATION.**

19   Within sixty (60) days of final termination of this Litigation, all persons to
20   whom Confidential Information has been disclosed shall, without demand, either
21   destroy or return to the providing party all such material (and all copies of such
22   material) and all other documents containing information taken from that material.
23   All recipients of Confidential Information shall certify in writing that they have
24   complied with the provisions of this paragraph. Final termination of this litigation is
25   defined as the date on which all appeals have been exhausted.

26   Notwithstanding the foregoing provisions of this section, counsel may retain
27   copies of pleadings, briefs, motions, and the like actually filed in court that include
28   Confidential Information, but such litigation documents shall be used only for the

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

85664.1                              8.

JOINT MOTION FOR PROTECTIVE
ORDER RE CONFIDENTIAL
INFORMATION; AND RELATED
MATTERS; AND [PROPOSED]

1 purpose of preserving a record of the action, and shall not, without the written

2 permission of the opposing party or an order of this Court, be disclosed to anyone

3 other than those to whom such information was actually disclosed, in accordance

4 with this Protective Order, during the course of this action.

5

6 **VI.   SURVIVAL**

7     This Protective Order shall survive the final termination of the Litigation and

8 continue in full force and effect, ~~and the Court shall retain jurisdiction to enforce~~

9 ~~this Protective Order.~~

10

11 **VII.   PROCEDURE AFTER RESOLUTION**

12     Within sixty (60) days after conclusion of this matter (including any appellate

13 proceedings), all "Confidential Information," except as specified below, shall be

14 destroyed by the recipient or returned to the Designating Party, at the election of the

15 Designating Party.  All notes, drafts, memoranda, documents, work papers and other

16 materials prepared by attorneys or experts that contain or reflect the content of any

17 "Confidential Information" may be destroyed or retained by the attorneys or the

18 experts, but if retained must be treated in accord with this Order.

19     The provisions of this Order shall remain in full force and effect after the

20 entry of final judgment in this case (including any appellate proceedings). The Court

21 will retain jurisdiction, ~~both before and after entry~~ until entry (BLM) of final judgment in this case, to

22 construe, enforce and amend the provisions of this Order.

23

24 **VIII.   ENFORCEMENT**

25     Except as otherwise provided herein, all parties and persons to whom

26 "Confidential Information" is disclosed are enjoined from using the "Confidential

27 Information," except in preparation for and trial of this action and are further

28

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

85064.1

JOINT MOTION FOR PROTECTIVE
ORDER RE CONFIDENTIAL
INFORMATION; AND RELATED
MATTERS; AND [PROPOSED]

1   enjoined from disclosing "Confidential Information" to any other person, except in

2   accord with the provisions of this Order.

3        Intentional breach of the provisions of this Protective Order shall be subject to

4   sanctions as authorized by statute, rule and the inherent power of this Court.

5

6   Dated: June 21, 2007                    MESERVE, MUMPER & HUGHES LLP
                                            Linda M. Lawson
7                                           Brian K. Mazen
                                            Frederic Esrailian
8

9                                           By:      /s/Frederic Esrailian

10                                                   Frederic Esrailian
                                                     Attorneys for Plaintiff
                                                     MASSACHUSETTS MUTUAL LIFE
11                                                   INSURANCE COMPANY

12

13  Dated: June 21, 2007                    SPARBER RUDOLPH ANNEN
                                            Richard Annen
14                                          Mike Jacobs

15                                          By:      Michael W. Jacobs

16                                                   Mike Jacobs
                                                     Attorneys for Defendant
17                                                   WEALTH TRANSFER PLANNING,
                                                     INC.
18

19                                    **ORDER**

20        Based upon the above Joint Motion, and good cause appearing,

21        IT IS HEREBY ORDERED that the above Protective Order in force, and that

22  the Parties and persons to whom Confidential Information is released shall be

23  subject to and bound by the terms and conditions of this Protective Order.

24

25  Dated:  6/26/07

26                                          The Honorable Jeffrey Miller
                                            United States District Judge
27
                                            **BARBARA L. MAJOR**
28                                          **U.S. MAGISTRATE JUDGE**

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP
85664.1                                     10.

                                            JOINT MOTION FOR PROTECTIVE
                                            ORDER RE CONFIDENTIAL
                                            INFORMATION; AND RELATED
                                            MATTERS; AND [PROPOSED]

**PROOF OF SERVICE BY MAIL**

STATE OF CALIFORNIA            )
                               )   ss.:
COUNTY OF LOS ANGELES          )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 300 South Grand Avenue, 24th Floor, Los Angeles, California 90071-3185.

On June 22, 2007, I served on interested parties in said action the within:

**JOINT MOTION FOR PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION AND RELATED MATTERS; AND [PROPOSED] PROTECTIVE ORDER**

by placing a true copy thereof in sealed envelope(s) addressed , as stated below. and causing such envelope(s) to be deposited in the U.S. Mail at Los Angeles, California.
Richard J. Annen, Esq.
Mike Jacobs, Esq.
Sparber Rudolph Annen APLC
701 B. St #1000
San Diego, CA 92101-8109

I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

Executed on June 22, 2007, at Los Angeles, California.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.

Patricia Cormier Herron
_____
(Type or print name)

_____
(Signature)

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

85429.1